UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DENNIS KEITH SIMS**                                                                      **PLAINTIFF**

**v.**                                        **CIVIL ACTION NO. 3:25-CV-P553-JHM**

**THEODORE H. LAVIT & ASSOCIATES**                          **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Dennis Keith Sims filed the instant *pro se* prisoner 42 U.S.C. § 1983 action proceeding *in forma pauperis*. The complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915(e). For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff, an inmate at the Luther Luckett Correctional Complex, sues Theodore H. Lavit, whom he identifies as an attorney employed by Theodore H. Lavit & Associates. Plaintiff asserts that on February 13, 2023, he was found guilty of two counts of sexual abuse in the first degree and sentenced to twenty years' incarceration. He states as follows:

> [T]his conviction was the direct result of the incompetence, malpractice, and misfeasance demonstrated in Theodore H. Lavit's mishandling of my defense. As such, I was deprived of Effective Assistance of Counsel and Due Process as are guaranteed by the United States Constitution. Mr. Lavit's continuous refusals to meet with me to discuss trial strategy, or even obtain exculpatory evidence that was readily available, and his failures to introduce exculpatory evidence into the record or secure any witnesses able to effectively challenge the evidence presented against me, are the direct cause of my incarceration. Had Mr. Lavit performed a minimum effort in his duty as Representing Counsel, I would never have been convicted, and would not now be deprived of my liberty and free to continue working and contributing to society. Mr. Lavit even failed in his duty to provide me with copies of the Discovery File for my case thus impeding any timely attempts at an appeal. I did not receive a copy of my Discovery until I had been incarcerated, for over two (2) years.

> As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief.

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

It is firmly established that a defense attorney, regardless of whether he or she is a public defender or private attorney, does not act under color of state law for purposes of § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Here, Defendant was Plaintiff's defense attorney in his state court criminal proceedings and therefore is not a state actor. As such, Plaintiff fails to state a claim under § 1983 against him.

Additionally, "[i]neffective assistance of counsel is not a cognizable claim under § 1983, . . . [and] must be brought in a habeas petition under 28 U.S.C. § 2254, and not in an action under § 1983." *Moody v. Benton Cnty. Det. Ctr.*, No. 1:25-CV-01038-SHM-TMP, 2025 U.S. Dist. LEXIS 166814, at *12-13 (W.D. Tenn. Aug. 27, 2025) (citing, *inter alia*, *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)).

In regard to Plaintiff's claim for legal malpractice, that is a claim under state law, and the Court declines to exercise supplemental jurisdiction over it. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."). Further, because Plaintiff does not allege that he and Defendant are citizens of different states, he cannot establish this Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States; . . . ."); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does

not exist unless each defendant is a citizen of a different State from each plaintiff."). Consequently, the state-law claim will be dismissed without prejudice.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date:    January 7, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
4414.010